Arthur Ronald Lambert Field Tree, Appellant, v. St. Luke's Hospital, a Charitable Corporation of Illinois et al., Appellees.

Gen. No. 45,493.

filed June 18, 1952. Released for publication July 17, 1952.

VERNON R. LOUCKS, of Chicago, for appellant; CHARLES O. LOUCKS, and JAMES L. HENRY, both of Chicago, of counsel.

WILSON & McILVAINE, and MAYER, MEYER, AUSTRIAN & PLATT, all of Chicago, for appellees; RUSSELL W. ROOT, Guardian *ad litem* for certain appellee; CALVIN F. SELFRIDGE, SHERWOOD K. PLATT, FRANK D. MAYER, and G. E. HALE, all of Chicago, of counsel.

HECTOR A. BROUILLET, of Chicago, Guardian *ad litem* for certain other appellees.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff filed his complaint to construe the last will and testament of Lambert Tree, deceased, and to have certain trust provisions declared void as violating the rule against perpetuities. All of the parties in interest were made defendants and appeared and filed answers, and defendant St. Luke's Hospital filed its cross-complaint. Upon a hearing a decree was entered dismissing the complaint for want of equity, from which decree plaintiff appeals.

Plaintiff asks for a reversal of the decree upon the following grounds: (1) that the court erred in denying plaintiff's motion to dismiss the cause; (2) that a minor born after the complaint was filed, and a party in interest, was not properly made a party to the proceeding; (3) that the court erred in refusing to hear and rule upon a petition for the approval of a "family settlement agreement" before hearing the merits of the complaint and the answers thereto; and (4) that the court erred in holding that the trust provisions in question did not violate the rule against perpetuities.

It appears from the record that the cause was set for final hearing for December 5, 1949. On that date plaintiff filed his petition for the approval of a "family settlement agreement," and all parties in interest were ruled to answer the petition within ten days. Plaintiff then asked the court to continue the final hearing until after the disposition of the petition for approval of the "family settlement agreement." The court refused to continue the cause, and plaintiff then proceeded to offer some evidence in support of his complaint. After plaintiff introduced some of his evidence, he then advised the court that since the institution of the proceeding a daughter was born to plaintiff, and that the cause should not proceed without making the infant a party to the proceeding. Upon a petition filed asking that the minor be made a party, the court ordered the infant be made a party and directed summons to issue, which

was done, and thereafter a guardian *ad litem* was appointed for the infant.

The cause again came on for hearing on December 13, 1949, at which time plaintiff for the first time moved to dismiss the suit, which motion was denied.

The cause was again continued for further hearing, and on March 13, 1950, plaintiff withdrew his petition for approval of "family settlement agreement," and some of the defendants introduced evidence. Upon the conclusion of the hearing the court entered the decree appealed from.

██ ██ We think the court properly denied plaintiff's motion to dismiss, because the hearing of evidence had started and plaintiff made no such showing under section 52 [par. 176] of the Civil Practice Act (ch. 110, Ill. Rev. Stat. 1949) [Jones Ill. Stats. Ann. 104.052] as to entitle him to dismiss the cause. There was no irregularity in the proceeding before the trial court in hearing some evidence before the minor was made a party to the proceeding, since section 26 of the Civil Practice Act provides:

"No action shall be defeated by non-joinder or misjoinder of parties. New parties may be added and parties mis-joined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require."

██ Moreover, plaintiff cannot complain since the minor whose interests were concerned was made a party to the proceeding, and the guardian *ad litem* appointed is not here complaining.

██ ██ Likewise, plaintiff in the trial court abandoned the petition for the approval of the "family settlement agreement" and therefore cannot now complain that the court should have considered the petition before hearing the cause on the merits of the complaint and the answers. The court properly insisted on hear-

ing the merits of the complaint and answers before a hearing on the petition for the approval of the "family settlement agreement." If the trust provisions of the will in question did not violate the rule against perpetuities, or there was no substantial doubt as to the validity of said provisions, then, clearly, plaintiff was not entitled to have the "family settlement agreement" approved.

We held in *Tree v. Continental Ill. Nat. Bank & Trust Co.*, 346 Ill. App. 509 (a proceeding between the same parties), that the trust provisions in question did not violate the rule against perpetuities, and that there was no valid basis for the claim that there exists substantial doubt as to the validity of the provisions. Our holding in the case cited is decisive of the error assigned.

The decree is affirmed.

*Affirmed.*

KILEY, P. J. and LEWE, J., concur.